NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1563

SINOCHEM MODERN ENVIRONMENTAL PROTECTION
CHEMICALS (XI'AN) CO., LTD., SINOCHEM ENVIRONMENTAL
PROTECTION CHEMICALS (TAICANG) CO., LTD.,
SINOCHEM NINGBO LTD., and SINOCHEM (U.S.A.) INC.,

Appellants,

v.

INTERNATIONAL TRADE COMMISSION,

Appellee.

On Appeal from the United States International Trade Commission in
Investigation No. 337-TA-623.

ON MOTION

Before MICHEL, Chief Judge, SCHALL and LINN, Circuit Judges.

SCHALL, Circuit Judge.

## O R D E R

The International Trade Commission moves to dismiss this appeal. Sinochem Modern Environmental Protection Chemicals (XI'AN) Co. Ltd. et al. (Sinochem) oppose.

Pursuant to 19 U.S.C. § 1337(c), only a party adversely affected by a final determination of the ITC may appeal to this court. Surface Technology, Inc. v. Int'l Trade Comm'n, 780 F.2d 29, 30 (Fed. Cir. 1985). Here, the ITC made a final determination of no Section 337 violation. The complainants filed an appeal in this court, 2009-1513. Sinochem also filed an appeal, in the nature of a cross-appeal, on the ground that the ITC rejected some of its patent invalidity arguments. However, it is

only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment. Bailey v. Dart Container Corp. of Michigan, 292 F.3d 1360, 1362 (Fed. Cir. 2002) (citation omitted). Thus, a party must file a cross-appeal when acceptance of the argument it wishes to advance would result in a reversal or modification of the judgment, rather than an affirmance. Id. That is not the case here because even if Sinochem's arguments concerning invalidity are accepted, the final determination would still be one of no Section 337 violation, which would result in an affirmance. Sinochem may raise its arguments concerning invalidity in its brief as an appellee in 2009-1513.

Accordingly,

IT IS ORDERED THAT:

(1)     The motion to dismiss this appeal is granted. All other pending motions are moot.

(2)     Each side shall bear its own costs.

FOR THE COURT

DEC 1 7 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:     Alex Menchaca, Esq.
        Paul M. Bartkowski, Esq.

s19

ISSUED AS A MANDATE:     DEC 1 7 2009
                         _____

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 1 7 2009

JAN HORBALY
CLERK